■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MANUEL DIAZ NIEVES, Appellant. — Judgment of the Supreme Court, Kings County, rendered June 17, 1966, reversed, on the law, and case remitted to the Criminal Term for the purpose of resentencing defendant upon the plea of guilty as to the second count of the indictment. No questions of fact were considered on this appeal. Defendant pleaded guilty to attempted possession of narcotic drugs as a felony under the second count of the indictment (cf. Penal Law, § 1751, subd. 3) and to possession of narcotic drugs as a misdemeanor under the third count of the indictment (cf. Penal Law, § 1751-a). He was adjudged a multiple narcotics misdemeanant and was sentenced to a term of 2½ to 3 years on the felony charge, with execution of the sentence suspended without probation. He was committed to the New York City Penitentiary on the misdemeanor charge. The People concede that the heroin defendant possessed was the same heroin he was charged with intending to sell. In these circumstances defendant should have been sentenced for either one, but not both, of the offenses to which he pleaded guilty (see, *People* v. *Repola,* 280 App. Div. 735, 738–739, affd. 305 N. Y. 740). Both sides agree that the trial court, in accepting defendant's guilty plea, intended that he should be convicted of a felony. The case should therefore be remitted for the purpose of resentencing defendant solely on the felony charge. Beldock, P. J., Christ, Brennan, Hopkins and Munder, JJ., concur.